IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

ANTHONY LAMAR WINSTON,  )
                         )
        Petitioner,      )
                         )
    v.                   )     Civil Action No. 3:12cv765-WHA
                         )              (WO)
UNITED STATES OF AMERICA, )
                         )
        Respondent.      )

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

This matter is before the court pursuant to petitioner Anthony Lamar Winston's ("Winston") *pro se* motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255, which Winston filed on August 30, 2012.[1]  Upon consideration of the § 2255 motion, this court finds that the motion should be denied without prejudice because this court lacks jurisdiction over the motion.

As explained in *United States v. Khoury*, 901 F.2d 975, 976 (11th Cir. 1990), a district court lacks jurisdiction over a petitioner's 28 U.S.C. § 2255 motion during the pendency of the petitioner's direct appeal.[2]  In the present case, Winston filed a *pro se* notice of appeal

---

[1] Although the § 2255 motion is date stamped "received" in this court on September 4, 2012, it was signed by Winston on August 30, 2012.  A *pro se* inmate's petition is deemed filed on the date it is delivered to prison officials for mailing. *Houston v. Lack*, 487 U.S. 266, 271-72 (1988); *Adams v. United States*, 173 F.3d 1339, 1340-41 (11th Cir. 1999); *Garvey v. Vaughn*, 993 F.2d 776, 780 (11th Cir. 1993).  "Absent evidence to the contrary in the form of prison logs or other records, [this court] must assume that [the petitioner's § 2255 motion] was delivered to prison authorities the day [he] signed it."  *Washington v. United States*, 243 F.3d 1299, 1301 (11th Cir. 2001).

[2] In *Khoury*, the defendant filed a § 2255 motion after he filed a notice of appeal.  The district
(continued...)

to the United States Court of Appeals for the Eleventh Circuit on September 7, 2012. *See* Criminal Case No. 3:12cr34-WHA, Doc. No. 38. On the date this Recommendation is being entered, Winston's appeal remains pending in the Eleventh Circuit Court of Appeals. During the pendency of Winston's direct appeal, this court lacks jurisdiction to consider his motion for relief under 28 U.S.C. § 2255; accordingly, the motion should be denied without prejudice.

<u>Winston may re-file a § 2255 motion when jurisdiction is vested in the district court</u>.

## CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that the petitioner's 28 U.S.C. § 2255 motion be DENIED without prejudice.

It is further

ORDERED that the parties shall file any objections to this Recommendation on or before October 23, 2012. A party must specifically identify the findings in the Recommendation to which objection is made; frivolous, conclusive, or general objections will not be considered. Failure to file written objections to the Magistrate Judge's proposed findings and recommendations shall bar a party from a de novo determination by the District

---

[2](...continued)

court denied the motion on the ground that the court lacked jurisdiction because jurisdiction had vested in the court of appeals for the pendency of the appeal. The Eleventh Circuit affirmed because "[t]he general rule is that a defendant may not seek collateral relief while his direct appeal is pending." *Jones v. United States*, 453 F.2d 351, 352 (5th Cir. 1972) (per curiam); *Welsh v. United States*, 404 F.2d 333 (5th Cir. 1968) ("A motion to vacate sentence under 28 U.S.C. § 2255 will not be entertained during the pendency of a direct appeal, inasmuch as the disposition of the appeal may render the motion moot.").

Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982).  *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982).  *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc).

      Done this 9th day of October, 2012.

                    /s/ Terry F. Moorer
                    TERRY F. MOORER
                    UNITED STATES MAGISTRATE JUDGE